# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKY H. JONES,**

    **Petitioner,**

  v.

**DYLON RADTKE**

    **Respondent.**

Case No. 20-CV-616

## ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE AND RULE 4 ORDER

    Ricky Howard Jones, who is currently incarcerated at the Green Bay Correctional Institution, filed a petition for habeas corpus under 28 U.S.C. § 2254 on April 16, 2020 (Docket # 1.) However, Jones' petition did not include a signed statement declaring under penalty of perjury that the information in his petition was true and correct. Jones also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 5), but his prison trust account statement (Docket # 6) was not certified.

    On May 7, 2020, I ordered Jones to supplement his petition with a signed statement declaring under penalty of perjury that the information in his petition was true and correct and to provide a certified copy of his prison trust account statement within thirty (30) days (Docket # 7.) On June 17, 2020, I again ordered Jones to supplement his petition and motion within ten (10) days (Docket # 8) and warned that failure to comply would result in a recommendation that his action be dismissed with prejudice.

    After failing to meet both deadlines, I recommended that Jones' petition be dismissed with prejudice for failure to prosecute (Docket # 9.) On July 22, 2020, Jones filed a second

motion to proceed without prepayment of the filing fee (Docket # 10), a signed statement under penalty of perjury (Docket # 10 at 3), and a certified prison trust account statement (Docket # 11.) In light of Jones' submissions, the district judge returned the case to me for further consideration. (Docket # 12.) I will excuse Jones' untimely submissions and proceed to review his motion to proceed without prepayment of the filing fee, as well as screen his petition.

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

Upon review of Jones' affidavit and his prison trust account statement, I find that he has insufficient assets to pay the $5.00 filing fee. Jones' trust account activity statement shows average monthly deposits of $7.31, an average monthly balance of $1.22, and an end balance of $2.19. Accordingly, Jones' second motion to proceed without prepayment of the filing fee (Docket # 10) is granted.

I must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether

the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Jones' petition is unclear and incomplete. He seemingly asserts multiple grounds for relief, including, but not limited to, ineffective assistance of counsel, sufficiency of the evidence, and violation of his Fourteenth Amendment rights. However, Jones does not utilize the space designated on the form to clearly list grounds for relief and supporting facts. It is also unclear from the face of the petition whether he has properly exhausted his state court remedies as to his claims.

To facilitate screening of Jones' petition, Jones is ordered to file an amended petition utilizing the form provided and to fill it out in its entirety. Jones must take care to clearly articulate each ground for relief (Section IV of the form) and indicate whether he has exhausted his state remedies as to each ground (Section IV of the form). The amended petition must bear the docket number assigned to this case (20-cv-616) and must be labeled "Amended Petition." The amended petition will replace the prior petition and must be complete in itself without reference to the prior petition. Jones will have until **August 26, 2020** to file his amended habeas petition. I will then screen his amended petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. If Jones fails to timely file an amended habeas petition, I will recommend that his petition be denied.

**NOW, THEREFORE, IT IS ORDERED THAT** Jones' motion for leave to proceed without prepayment of the filing fee (Docket # 10) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Jones shall file an amended petition consistent with this order by no later than August 26, 2020.

Dated at Milwaukee, Wisconsin this 12th day of August, 2020.

                              BY THE COURT:

                              _s/ Nancy Joseph_
                              NANCY JOSEPH
                              United States Magistrate Judge