UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICKY H. JONES,**

    **Petitioner,**

    **v.**                                            **Case No. 20-CV-616**

**DYLON RADTKE,**

    **Respondent.**

---

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Ricky H. Jones, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jones was convicted of two counts of first-degree sexual assault of a child under the age of thirteen. (Amended Habeas Petition, Docket # 15 at 2.) Jones alleges that his conviction and sentence are unconstitutional. The respondent has filed a motion to dismiss the habeas petition as untimely. (Docket # 21.) For the reasons stated below, the respondent's motion to dismiss is granted and the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

On May 24, 2011, after a two-day jury trial, a Manitowoc County jury convicted Jones of two counts of first-degree sexual assault of a child under the age of thirteen. On September 29, 2011, Jones was sentenced to eight years of imprisonment to be followed by twenty-three years of extended supervision. (Ex. 1 to Resp. Br., Docket # 22-1 at 2.) On November 19, 2012, Jones filed a motion for direct postconviction relief seeking a new trial under Wis. Stat. § 809.30. (Ex. 2 to Resp. Br., Docket # 22-2 at 8.) On July 22, 2013, the

circuit court denied the motion. (*Id* at 5.) Subsequently, on August 1, 2013, Jones filed his notice to appeal. (*Id*.) On July 30, 2014, the Wisconsin Court of Appeals affirmed the judgment of conviction and the order denying Jones' postconviction motion. (*Id.* at 4.) On November 13, 2014, the Wisconsin Supreme Court denied Jones' petition for review. (Ex. 3 to Resp. Br., Docket # 22-3 at 1.)

Approximately two and half years later, on June 1, 2017, Jones files a letter with the circuit court requesting a new trial, which was denied. (Ex. 2 to Resp. Br., Docket # 22-2 at 3.) Jones did not appeal.

On May 29, 2018, Jones filed a motion for collateral postconviction relief under Wis. Stat. § 974.06. The circuit court denied the motion in a letter issued on August 9, 2018. (*Id.* at 2.) Jones did not appeal that ruling.

On April 16, 2020, Jones filed a petition for a writ of habeas corpus with the Eastern District of Wisconsin. (Docket # 1.) After being granted leave to amend, on August 24, 2020, Jones filed the instant amended petition. (Docket # 15.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period

2

begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Jones does not argue that he was prevented from filing his habeas petition due to State action. He is not asserting a newly recognized right. He also does not claim that his

petition rests on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, Jones' claim properly falls under 28 U.S.C. § 2244(d)(1)(A).

Jones sought direct review of his conviction pursuant to Wis. Stat. §.809.30. The Wisconsin Court of Appeals affirmed his conviction on July 30, 2014 and the Wisconsin Supreme Court denied his petition for review on November 13, 2014. Jones did not seek certiorari in the United States Supreme Court on his direct appeal, so direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002). Ninety days after November 13, 2014 was February 11, 2015. For purposes of habeas review, Jones' one-year statute of limitations began to run the next day, on February 12, 2015. *See id.* at 675. Thus, Jones had until February 12, 2016 to file his petition. He did not do so until April 16, 2020.

While a properly filed motion for post-conviction relief in state court tolls the one-year habeas statute of limitations, 28 U.S.C. § 2244(d)(2), Jones did not file a motion for a new trial until June 1, 2017 and a collateral attack on May 29, 2018, both well after his February 12, 2016 deadline for filing his habeas petition. State motions for collateral relief do not give rise to a second one-year limitations period after the first has expired. *See Teas v. Endicott*, 494 F.3d 580, 581 (7th Cir. 2007) ("Nothing in § 2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls 'direct.'"). Jones' petition, therefore, is untimely.

4

The analysis, however, does not end here. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S.Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Supreme Court has held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). To invoke the actual innocence exception to AEDPA's statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Other than denying the facts underlying his convictions, Jones does not attempt to show that either exception applies to his case. Thus, neither equitable tolling nor actual innocence excuses his untimely petition. For these reasons, Jones' petition is denied and the case dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Jones' habeas petition, none of his claims warrant a certificate of appealability. The statutory timeliness of Jones' petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, I will deny Jones a certificate of appealability.

Jones retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 21) is **GRANTED** and the petitioner's petition for a writ of habeas corpus (Docket # 15) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 11th day of February, 2021.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge